THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD BERG, Relator, *v.* LEWIS E. LAWES, as Warden of Sing Sing Prison, Ossining, N. Y., Respondent.

Supreme Court, Special Term, Westchester County, April 25, 1939.

*Millard & Greene,* for the relator.

*Thomas E. Dewey, District Attorney* [*Thomas F. Moore, Jr., Deputy Assistant District Attorney,* of counsel], for the respondent.

ALDRICH, J. The relator, a prisoner in Sing Sing, seeks his release on habeas corpus, contending that he is held under an illegal sentence as a second offender. When the writ was originally returnable, and it appeared that a substantial question of law was involved, the court refused to decide the matter until notice had been given to the district attorney of New York county from which the relator was sentenced. The district attorney, by a brief filed, joins in the opposition of the attorney-general to the writ. A brief statement of the facts is essential. The relator was convicted by confession in the Court of General Sessions on June 25, 1937, of attempted grand larceny in the second degree. An information was thereupon filed against him charging him with having been previously convicted of two certain felonies. The relator admitted his identity with respect to one of the alleged convictions. He was thereupon sentenced as a second offender to an indeterminate sentence of not less than two years and six months and not more than five years.

The conviction as a second offender depends upon a previous conviction in the State of Missouri. By the return the allegations of the petition with respect to the Missouri law at the time of the alleged conviction were not controverted. They, therefore, stand admitted for the purposes of this proceeding. There was submitted for consideration by the court a copy of the Missouri indictment, a copy of the Missouri judgment of conviction, a copy of the proceedings in the Court of General Sessions upon the charge that the relator was a second offender, a copy of the information charging him with being a second offender and a copy of the judgment of conviction under which the relator is now imprisoned. In order to constitute the relator a second offender he must have been convicted " of a crime which, if committed within this State, would be a felony." (Penal Law, § 1941.) By the Missouri indictment, the relator was charged with the crime of forgery in the second degree. The facts contained in that indictment would constitute a felony in this State. The relator, however, was neither tried nor convicted of forgery in the second degree in Missouri. He pleaded guilty to " Forgery 4th Degree only." He was thereupon sentenced to two years imprisonment. The record of conviction does not contain any amplification of the plea to show the particular acts to which the relator pleaded guilty as constituting forgery in the fourth degree. By the Missouri law, as pleaded

in the petition, forgery in the fourth degree might be committed in any one of a great many different ways. Some of the acts constituting that crime in Missouri would be felonies in this State. Others appear to be only misdemeanors in this State. Some do not appear to be any criminal offenses. The district attorney states that he is " prepared to agree with the relator that some of the acts which under Missouri law constituted forgery in the fourth degree would not constitute a felony if committed in New York " (brief p. 12). He argues, however, that the plea of guilty must be deemed to have relation to the facts pleaded in the indictment for forgery in the second degree. The trouble is that there is no way here to go behind the record of conviction and determine the exact facts constituting forgery in the fourth degree to which the relator pleaded guilty. It cannot be said that the relator was necessarily convicted of what would be a felony under the laws of this State. The court, therefore, sustains the writ to the extent of directing that the relator be returned to the county of New York for re-sentence or for such other proceedings as may be deemed proper by the court in which he was convicted.

Settle order on two days notice to the district attorney and the attorney-general.

All papers submitted on this matter have been forwarded to the clerk at Special Term, Part I, for filing.